## WILLIS v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted January 7, 1924.
Decided February 5, 1924.)

No. 4005.

**1. District of Columbia ⬥22—Statute forbidding "loitering" of public cabs held to supersede police regulation.**

Act July 11, 1919, § 12, prohibiting loitering of public cabs in front of public buildings, except to take on or discharge passengers, or unnecessarily slow driving, *held* to cover the same subject-matter as Police Regulations, art. 4, § 8, adopted April, 1918, forbidding stopping or loitering while seeking employment, and hence supersedes the police regulation.

**2. District of Columbia ⬥19—Commissioners' regulation superseded by act of Congress.**

Where Congress intended to resume control of subject-matter previously committed to commissioners, and to substitute its own regulation for that which they had adopted, the commissioners' regulation was no longer in effect.

Error to the Police Court of the District of Columbia.

Walter Willis was convicted of violating a police regulation, and he brings error. Reversed, and case remanded for a new trial.

Campbell Howard, of Washington, D. C., for plaintiff in error.

F. H. Stephens and F. W. Madigan, both of Washington, D. C., for the District of Columbia.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. An information filed in the police court charged Walter Willis as follows:

That he "on the 9th day of April, * * * nineteen hundred and twenty-three, * * * on Fourteenth Street, Northwest, being then and there the driver of a certain public vehicle * * * for hire seeking employment, did drive continuously back and forth in front of and around a certain hotel, to wit, the Willard Hotel. * * *"

A motion to quash the information was overruled, and defendant then pleaded not guilty. He was convicted and fined. A writ of error brings the case here for our review.

[1] Section 8 of article 4 of the Police Regulations, adopted in April, 1918, says:

"A driver of a public vehicle for hire seeking employment shall not stop or loiter upon a street; nor shall he solicit passengers upon a street; nor shall he drive continuously back and forth in front of or around the Union Station, any hotel, theater, or other place of public assembly."

It is also provided by section 12 of an Act of Congress approved July 11, 1919 (41 Stat. 104):

"That the loitering of public cabs * * * or vehicles of all descriptions around or in front of the hotels, theaters, or public buildings in the District of Columbia, either by stopping, except to take on or discharge a passenger, or unnecessarily slow driving, is hereby prohibited."

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The stipulation of facts upon which the case was tried says that Willis, "a duly licensed driver of a public vehicle for hire, did, while seeking employment, drive his cab continuously around the block, passing the front of the Willard Hotel at a rate of speed which it is agreed was not unnecessarily slow, within the meaning of the act of Congress." Defendant in error admits that Willis did not violate the act of Congress, but asserts that he violated the police regulation. Willis urges that the act supersedes the police regulation; that therefore there is error in the judgment.

The act prohibits loitering by stopping, except to take on or discharge passengers, or by unnecessarily slow driving. The regulation forbids stopping or loitering while seeking employment. According to Webster's International Dictionary, to loiter is "to be slow in moving, to delay or linger." The act defines loitering as unnecessarily slow driving. As used by the regulation, loitering signifies "slow in moving," whether the slowness is necessary or unnecessary. The regulation also forbids driving continuously back and forth in front of or around places of public assembly, whether done slowly or rapidly. Under the act, if a person drove continuously back and forth in front of or around a building, unnecessarily slowly, he would be guilty of violating it. While there is a shade of difference between the prohibitions of the act and those of the regulation, we think it was the intention of Congress in passing the act to cover the same subject as that covered by the regulation, and therefore to supersede it. It is said that the regulation and the act, so far as the present controversy is concerned, are not necessarily in conflict, and we are asked to apply the rule which obtains where the question is as to whether a subsequent act of a legislature has the effect of repealing a prior one. But we do not think the rule is applicable.

[2] As we look at it, the matter is to be solved by ascertaining the intention of Congress in passing the act. If it intended to resume control of the subject-matter previously committed to the commissioners, and to substitute its own regulation for that which they had adopted, the commissioners' regulation would have to be treated as no longer in effect, and this we think is what Congress intended to do when it passed the act.

From this it follows that the court erred in finding Willis guilty, and therefore the judgment is reversed, with costs, and the case remanded, with directions for a new trial.

Reversed.